**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **KENNETH BELL, et al., on behalf of themselves, and all others similarly situated,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No. 1:20-cv-00461-RP** |
| | ) |
| **CAL MAINE FOODS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' RESPONSE TO MOTIONS FOR ABATEMENT**

On Friday, November 20, 2020, eight of the defendants in this case filed motions requesting that the Court abate this suit for sixty days pursuant to Texas Business and Commerce Code Section 17.505. These motions were clearly filed "in response to the complaint;" thus, pursuant to the Court's order of October 14, 2020, Plaintiffs opposition to the motions is due Friday December 18, 2020. Plaintiffs intend to fully respond to the motions for abatement, as well as the motion to dismiss, on that date. Out of an abundance of caution, however, Plaintiffs file this brief opposition as if the motions to abate were independent of the schedule entered by the court.

The defendants seek to abate the case pursuant to Texas Business and Commerce Code Section 17.505, which requires notice "advising the person in

reasonable detail" sixty days before the filing of a suit under the Texas Deceptive Trade Practices Act. Of the eight defendants who have filed motions for abatement, six freely admit to receiving the notice sent by the plaintiffs more than sixty days ago, approximately the same time as the complaint itself, and they attach a copy of this notice to their motions. (See Docs. 129-1 (Opal Foods, LLC; 131-1 (Centrum Valley Farms, L.P.); 132-1 (Trillium Farm Holdings, LLC); 133-1 (Rose Acre Farms, Inc.,); 134-1 (Weaver Bros. Inc.); 135-2 (Hickman Egg Ranch)). Sparboe Farms, Inc., which argues that it did not receive notice because Plaintiffs initially named a related entity that no longer exists, also attaches Plaintiffs' notice (Doc. 127-1), demonstrating it had the same notice as the other Defendants. This is especially true because the counsel that initially contacted Plaintiffs when the related Sparboe entity was named in the original suit continue to represent Sparboe Farms and agreed to accept service of the amended complaint.

The only Defendant that did not receive the initial notice was Midwest Poultry Services, L.P., which apparently never received the notice that Plaintiffs sent. However, Midwest did receive notice of both the original and amended complaints at the same time as the other defendants, and the suit has been pending for more than sixty days. All of the defendants have had notice of plaintiffs' claims for nearly seven months, since the case was filed on April 30, 2020. (Doc. 1, Complaint). During that time, Plaintiffs have worked with multiple defendants who sought additional

information regarding the suit, and, in fact, have provided such information to more than one of the defendants seeking abatement. Texas courts have repeatedly stated that "[t]he purpose of the notice provision is to discourage litigation and encourage settlement of consumer complaints." Richardson v. Foster & Sear, L.L.P., 257 S.W. 3d 782, 784 (Tex. App. Fort Worth 2008) (citing Hines v. Hash, 843 S.W.2d 464, 468 (Tex. 1992)). Defendants seek to invoke this provision now, but they have not said a single word about settlement in seven months.

There are several reasons why it would be premature to abate this case prior to a decision on the motion to dismiss. Under the Texas Civil Practice and Remedies Code, the filing of a plea in abatement is due within 30 days of the filing of an answer. Tex. Civ. Prac. Code 73.062. In this case, no answer will be due or filed until after the Court rules on the motion to dismiss. Furthermore, each of the motions for abatement ask the Court to abate only if it does not grant the motion to dismiss. Finally, the Court's order of October 14th, setting the deadlines and briefing schedule in this case, states that "Plaintiffs' opposition(s) to any of the Moving Defendants' motions in response to the operative Complaint will be due Friday, December 18, 2020." (Doc. 123 at 2). Since the motions to abate were obviously filed in response to the complaint, Plaintiffs should have until December 18 to respond to them.

Plaintiffs thus respectfully request that the Court deny the motions for abatement or defer addressing them until after ruling on the motion to dismiss.

Respectfully submitted this 27th day of November, 2020,

/s/ Wesley W. Barnett
Wesley W. Barnett
Attorney for Plaintiffs

**OF COUNSEL:**
Wesley W. Barnett
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
wbarnett@davisnorris.com

Alexander Douglas McSwain
THE CARLSON LAW FIRM
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: 254.526.5688
Facsimile: 254.526.8204
amcswain@carlsonattorneys.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served upon all counsel of record through the CM/ECF electronic filing system of the United States District Court for the Western District of Texas on November 27, 2020.

/s/ Wesley W. Barnett
Wesley W. Barnett
Attorney for Plaintiffs