IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENNETH BELL, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:20-CV-461-RP |
| CAL-MAINE FOODS, INC., et al., | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is the State of Texas's Motion to Intervene. (Dkt. 126). The State seeks to intervene by right under Rules 5.1 and 24(a) of the Federal Rules of Civil Procedure. (Mot. Intervene, Dkt. 126, at 2–4). The State argues that under Rule 24(a)(1), it has the right to intervene because 28 U.S.C. § 2403(b) gives a state a right to intervene when the constitutionality of a state statute is challenged. (Id. at 2–3). That State further argues it has the right to intervene under Rule 24(a)(2) "since Texas has a unique interest in defending the constitutionality of its statutes [as recognized by] Section 2403(b) and the Federal Rules of Civil Procedure." (Id. at 3–4) (citing Fed. R. Civ. P. 5.1(c)). Additionally, the State provided the arguments that they intend to present in defense of the statute being challenged in this case. (Id. at 4).

Intervention by right is governed by Federal Rule of Civil Procedure 24(a). To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Id.* (citations omitted). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994) (internal quotation marks omitted).

The Court finds that the State meets the requirements of Rule 24 to intervene in this case by right. The Court also notes that Plaintiffs consented to the State's intervention, and no party, including Defendants, filed a response or opposition to the State's motion. The motion is therefore unopposed. For those reasons, the Court will permit the State to intervene.

**IT IS THEREFORE ORDERED** that the State of Texas's Motion to Intervene, (Dkt. 126), is **GRANTED**.

**SIGNED** on December 2, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE