# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **KENNETH BELL, et al., on behalf of themselves and all others similarly situated,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Case No. 1:20-CV-00461-RP** |
| **CAL-MAINE FOODS, et al.,** | § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs hereby move this Court to amend the judgment of dismissal and grant them leave to file the attached Amended Complaint. As the Court noted in its order dismissing the case without prejudice (Doc. 169), Plaintiffs did not formally seek leave to amend the complaint in their objection to the Magistrate Judge's Report and Recommendation (Doc. 163), though they did state in that objection that, "if the Court prefers, Plaintiffs stand ready to amend the complaint" with the additional facts concerning the amount-in-controversy included in the objection itself. (Doc. 164 at 9). Plaintiffs believe that these additional facts make it clear that, with respect to Defendants Cal-Maine Foods, Centrum Valley Farms, Trillium Farm Holdings, LLC, and Lucerne, these Defendants participated together in the distribution of the

eggs purchased by Plaintiffs, and that a potential class exists that meets the amount in controversy under the Class Action Fairness Act.

### A.    The Magistrate Judge's Recommendation and the Court's Order

Magistrate Judge Mark Lane recommended that the case be dismissed on the narrow ground that Plaintiffs did not sufficiently allege the amount in controversy. Under the Class Action Fairness Act, federal subject matter jurisdiction exists where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," for the class as a whole. 28 U.S.C. § 1332(d)(2). As Magistrate Judge Lane noted, the amount in controversy may be aggregated among multiple Defendants "if the defendants are jointly liable to the plaintiff." (Doc. 163 at 4 (quoting Hollinger v. Home State Cty. Mut. Ins. Co., No. 5:09-CV-118, 2010 WL 11530632 at *8 (E.D. Tex. Aug. 5, 2010))). Plaintiffs originally alleged that all Defendants engaged in the manipulation of an egg-pricing tool called the Urner-Barry Index, but Magistrate Judge Lane rejected this theory, and reasoned that the First Amended Complaint did not allege an amount in controversy greater than $5,000,000 for any individual Defendant.

As the Plaintiffs explained in their objection, the Report & Recommendation did not analyze whether, without reference to the Urner-Barry Index, the allegations in the complaint are sufficient to allege five million dollars in controversy with respect to the four Defendants who were directly involved in selling eggs to the

Plaintiffs. In our objection, Plaintiffs stated additional facts that make it clear that much more than five million dollars is in controversy with respect to the eggs sold in Texas by those four Defendants (even limiting that class to eggs sold at the stores at which Plaintiffs purchased Defendants' eggs). In accepting the Report & Recommendation, the Court rightly pointed out that Plaintiffs had not pled many of these facts, thought it did not analyze whether they could be inferred from what was pled. In any case, Plaintiffs respectfully move the Court to allow them to plead those facts now.

**B.    The Proposed Second Amended Complaint.**

Attached as Exhibit A is Plaintiffs' proposed Second Amended Complaint. This proposed complaint will add allegations explaining why the four remaining Defendants, all of whom participated in the distribution of eggs purchased by Plaintiffs, are subject to joint and several liability under the Texas Deceptive Trade Practices Act. Furthermore, the Complaint will allege the facts underlying Claimant's arguments in the objection, which demonstrate that there are not five million, but nearly forty million dollars in controversy. These allegations will make it abundantly clear that the threshold of CAFA jurisdiction is met.

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. Proc. 15(a)(2). In Foman v. Davis, the U.S. Supreme Court expounded on this requirement:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

371 U.S. at 182. (quoting Fed. R. Civ. P. 15(a). None of these factors are present in this case, and the amendment should be allowed. The current operative complaint is the First Amended Complaint, and it is the only one that has been ruled on. Thus, no repeated failure to cure exists, nor has there been any undue delay. No bad faith or dilatory motive exists, as the purpose of this amendment is to cure the specific deficiency regarding subject matter jurisdiction identified by the Court. Likewise, no prejudice to the Defendant exists, as allowing this Amendment will allow the Court to have jurisdiction over this case and decide it on the merits.

## C.    Conclusion

Plaintiffs respectfully request that this Court modify its judgment to allow them to file the attached Second Amended Complaint. This Complaint will cure the failure of subject matter jurisdiction identified by the Court and allow this case to proceed.

Respectfully submitted this 18th day of October, 2021,

/s/     Wesley W. Barnett
Attorney for Plaintiffs

**OF COUNSEL:**
Wesley W. Barnett
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
Email: wbarnett@davisnorris.com

THE CARLSON LAW FIRM
100 E. Central Texas Expy
Killeen, Texas 76541
Telephone: 254.526.5688
Facsimile: 254.526.8204

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court via the CM/ECF system of the United States District Court for the Western District of Texas on October 18, 2021, and served on all counsel of record who are registered for electronic service. In addition, on October 18, 2021, a true and correct copy of the foregoing document was served on Christopher Ondeck and Stephen Chuk via electronic mail.

/s/     Wesley W. Barnett
Attorney for Plaintiffs